2005-NMCA-017

106 P.3d 580

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Douglas FRAWLEY, Defendant– Appellant.**

**No. 23758.**

Court of Appeals of New Mexico.

Dec. 15, 2004.

Certiorari Denied, No. 29,012, Feb. 3, 2005.

Certiorari Granted, No. 29,011, Feb. 8, 2005.

Patricia A. Madrid, Attorney General, Santa Fe, Joel Jacobsen, Assistant Attorney General, Albuquerque, for Appellee.

John B. Bigelow, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

SUTIN, J.

{1} This opinion is filed simultaneously with a memorandum opinion also filed in this appeal that addresses Defendant Douglas Frawley's assertions of error in regard to his convictions of various crimes. The basic sentences for the crimes Defendant committed were enhanced under NMSA 1978, § 31–18–15.1 (1993). Defendant argues that *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), makes it clear that a court cannot enhance a sentence pursuant to Section 31–18–15.1 based on facts not found by a jury. We agree.

## BACKGROUND

{2} A jury convicted Defendant of two third degree felonies and one misdemeanor in June 2002. Section 31–18–15 enumerates the basic sentences for the different degrees of non-capital felonies. The basic sentence for a third degree felony is three years imprisonment. NMSA 1978, § 31–18–15(A)(7) (2003). The district court sentenced Defendant for the basic sentence of three years for each of the third degree felonies pursuant to Section 31–18–15(A)(7). Section 31–18–15.1 permits alteration of a defendant's basic sentence by up to one-third of the basic sentence if mitigating or aggravating circumstances exist. The court sentenced Defendant to an additional year on each felony based on the court's finding of aggravating circumstances pursuant to Section 31–18–15.1(A). Those

circumstances were Defendant's lack of remorse, the short period between his sentence for a similar offense and the commission of the offense for which he was sentenced, the pain and fear endured by the victims and their families, and Defendant's flight to avoid prosecution and the circumstances surrounding the flight. Defendant appealed for reasons unrelated to sentencing.

{3} After Defendant's appeal was submitted to a panel of this Court for decision, Defendant offered *Blakely* as recent supplemental legal authority under Rule 12–213(D) NMRA on the issue of the constitutionality of the alteration under Section 31–18–15.1 of Defendant's basic sentence imposed under Section 31–18–15. We obtained supplemental briefs from the parties on that issue and now decide whether *Blakely* applies and, if so, how, if at all, it affects *State v. Wilson*, 2001–NMCA–032, ¶ 4, 130 N.M. 319, 24 P.3d 351, which holds that "Sections 31–18–15 and 31–18–15.1 should be read together to provide for a range of sentences, and that sentencing within this range, based on findings made on the record by the trial court, is constitutional."

## DISCUSSION

■ {4} The issue of the constitutionality of state sentence enhancement statutes received a magnified presence in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348; *Blakely*, 542 U.S. at ——, 124 S.Ct. at 2536 (quoting the *Apprendi* rule). If such facts are not submitted to the jury and proved beyond a reasonable doubt, then the Sixth Amendment's "guarantee that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury" and the Fourteenth Amendment's Due Process Clause are violated. *Apprendi*, 530 U.S. at 476–77, 120 S.Ct. 2348 (internal quotation marks and citation omitted).

{5} In *Wilson*, the majority held the district court's enhancement under Section 31–18–15.1 of the defendant's basic sentence did not run afoul of *Apprendi*. *Wilson*, 2001–NMCA–032, ¶ 4, 130 N.M. 319, 24 P.3d 351. The majority interpreted *Apprendi* to apply to statutory enhancements that "define[ ] an element of a criminal offense," and not to "the trial court's traditional discretion to consider factors relating both to the offense and the offender in imposing a sentence within the range set by statute." *Wilson*, 2001–NMCA–032, ¶ 12, 130 N.M. 319, 24 P.3d 351. Determining that "the findings required by Section 31–18–15.1 appear more like sentencing factors than elements of a crime," the majority concluded that Sections 31–18–15 and 31–18–15.1 read together created "permissible ranges of sentences . . . within which sentencing courts could exercise discretion." *Wilson*, 2001–NMCA–032, ¶¶ 13, 15, 17, 130 N.M. 319, 24 P.3d 351; *see Apprendi*, 530 U.S. at 481, 494, 120 S.Ct. 2348 n. 19 (stating "that nothing in [common law] history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute"; and further noting "that the term 'sentencing factor' is [not] devoid of meaning [but can] appropriately describe[ ] a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense").

{6} Reading *Apprendi* differently, the dissent in *Wilson* viewed Section 31–18–15.1 as constitutionally infirm, concluding that the statute permits factual findings allowing enhancement of the basic sentence in Section 31–18–15 "beyond what the jury verdict by itself allows" and "based on facts 'found' under no discernable standard of proof." *Wilson*, 2001–NMCA–032, ¶¶ 52–53, 130 N.M. 319, 24 P.3d 351 (Bustamante, J., concurring in part and dissenting in part); *see Apprendi*, 530 U.S. at 490, 494, 120 S.Ct. 2348 (stating that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and indicating that the required finding for enhancement cannot "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict").

{7} The conclusions of the majority and the dissent in *Wilson* were each drawn from language in *Apprendi* that could reasonably give rise to the different interpretations. In *Blakely*, based on a trial court finding that the defendant acted with "deliberate cruelty," the defendant was sentenced under Washington state law beyond what the Supreme Court in *Blakely* labeled a fifty-three-month "statutory maximum" of a "standard range sentence" for the offense committed. 542 U.S. at ——, 124 S.Ct. at 2537. Under Washington state law, the standard range could be increased upwards if the trial court found "substantial and compelling reasons justifying an exceptional sentence." *Id.* 542 U.S. at ——, ——, 124 S.Ct. at 2535, 2537 (internal quotation marks and citation omitted). The Supreme Court held this enhancement to violate the *Apprendi* rule even though another statute provided that no person convicted could be punished by confinement exceeding a term of ten years. *Id.* 542 U.S. at ——, ——, 124 S.Ct. at 2535, 2537. The Washington Court of Appeals had held that the statutory maximum was ten years and that the statutory aggravating factors neither increased the maximum sentence nor defined separate offenses. *State v. Blakely*, 111 Wash.App. 851, 47 P.3d 149, 159 (2002), *rev'd*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The Washington Court of Appeals therefore concluded that *Apprendi* was not triggered. *Blakely*, 47 P.3d at 159. The Supreme Court in *Blakely* rejected the Washington appellate court's view of its own statutory scheme, interpreting the statutory maximum not to be ten years, but instead to be that in the state's sentencing reform act specifying a "standard range" of sentence of forty-nine to fifty-three months. 542 U.S. at ——–——, 124 S.Ct. at 2537–38. Significant in *Blakely* was that the state trial court's authority to increase a sentence derived not from the jury's verdict or a plea, but rather solely upon finding some additional fact. *Id.* 542 U.S. at ——, 124 S.Ct. at 2538. The Supreme Court determined that it was the standard range, and not the ten years, that constituted the maximum sentence that could be imposed based on the defendant's plea without having to make additional findings. *Id.* 542 U.S. at ——–——, 124 S.Ct. at 2537–38. We think it noteworthy that the Washington Court of Appeal's

view of its own state sentencing scheme, a scheme not significantly dissimilar to that in New Mexico, was similar to the view taken by this Court in *Wilson* with respect to the New Mexico statutory scheme. *Compare Blakely*, 47 P.3d at 159 (reading statutes together to hold statutory maximum was ten years), *with Wilson*, 2001–NMCA–032, ¶ 4, 130 N.M. 319, 24 P.3d 351 (reading Sections 31–18–15 and –15.1 together to prescribe ranges of allowable sentences).

{8} The *Blakely* Court also rejected cases construing *Apprendi* to say "that the jury need only find whatever facts the legislature chooses to label elements of the crime, and that those it labels sentencing factors—no matter how much they may increase the punishment—may be found by the judge." *Blakely*, 542 U.S. at ——, 124 S.Ct. at 2539. For the *Blakely* Court, the issue transcended procedural formality, rising to "a fundamental reservation of power in our constitutional structure." *Id.* 542 U.S. at ——–——, 124 S.Ct. at 2538–39. For the most part, the major concerns of the dissents in *Blakely* were practical ones. The dissents viewed the majority's decision as one doing serious damage to existing laws and practice and the administration of criminal justice. *See id.* 542 U.S. at ——–——, 124 S.Ct. at 2543–62 (O'Connor, J., et al., dissenting).

{9} Several federal cases have expressed concerns about whether, and if so to what extent, *Blakely* affects federal sentencing statutes and the federal sentencing guidelines. *See, e.g., United States v. Penaranda*, 375 F.3d 238, 246 (2d Cir.2004) (en banc); *United States v. Booker*, 375 F.3d 508, 511 (majority), 518–19 (dissent) (7th Cir.2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (U.S. Aug. 2, 2004); *United States v. Fanfan*, 2004 WL 1723114, at *2–5 (D.Me. June 28, 2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (U.S. Aug. 2, 2004). *Booker* and *Fanfan* were argued before the Supreme Court on October 4, 2004, and have not, as of the date of filing this opinion, been decided by the Court. Argument Calendars, *at* http://www.supremecourtus.gov/oral_arguments/argument_calendars.html (last updated Sept. 30, 2004).

{10} In the case at hand, the State criticizes *Apprendi* for using ambiguous, unde-

fined terms, and making incoherent distinctions, defects that have "made *Apprendi* so hard to apply in practice." The State also criticizes *Blakely* for using ambiguous, undefined terms "to state a supposedly universal rule, then rephras[ing] the rule in subtly inconsistent ways." The State argues that we should follow *Wilson* and conclude that Section 31–18–15.1 accords with *Blakely* for the same reasons we determined in *Wilson* the statute accorded with *Apprendi*. Moreover, the State sides with the dissenters in *Blakely,* and warns of threatened "major disruption in the administration of criminal justice in the ... courts—[a] disruption that would be unfair to defendants, to crime victims, to the public, and to judges who must follow applicable constitutional requirements." *Penaranda,* 375 F.3d at 246. *Blakely* cannot be so easily slighted.

{11} *Blakely* states that the Court's precedents made it "clear ... that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."* *Blakely,* 542 U.S. at ——, 124 S.Ct. at 2537. Also, the Court explained,

> the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id.* 542 U.S. at ——, 124 S.Ct. at 2537 (citation omitted). Holding the defendant's sentence invalid, *Blakely* stated:

> [w]hether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi*), one of several specified facts (as in *Ring* ), or *any* aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.

*Id.* 542 U.S. at ——, 124 S.Ct. at 2538.

{12} We conclude that the Court in *Blakely* was attempting to provide more clarity to *Apprendi* and to clarify the constitutional boundaries for state statutory sentencing schemes, such as ours in New Mexico, that provide for a sentence such as a "basic" or "standard range" sentence which can be decreased or increased depending on circumstances outside of what a jury considers in determining guilt. We read *Blakely* to say: When the jury considers the facts relevant to the elements of an offense in determining guilt or innocence, the criminal sanctions for that offense cannot be increased after the verdict based on facts the jury has not specifically considered in connection with its finding of guilt, whether or not the facts are labeled "sentencing factors," and even if the facts are not material to the statutory elements of the offense.

{13} *Blakely* clarifies and extends *Apprendi* in a manner that requires us to hold that the district court's enhancements under Section 31–18–15.1 of Defendant's basic sentences violated the Sixth Amendment to the United States Constitution. Although it may have been correctly decided under *Apprendi,* under *Blakely* our *Wilson* decision can no longer control or be considered controlling authority.

## CONCLUSION

{14} Because Defendant's basic sentences imposed under Section 31–18–15 were increased under Section 31–18–15.1 based on the district court's findings of aggravating circumstances, and not based on a jury's findings and under a burden of proof beyond a reasonable doubt, we invalidate and reverse the Section 31–18–15.1 enhancements to Defendant's basic sentences. We reverse and remand to the district court with instructions to enter a revised judgment and sentence in accordance with this opinion.

{15} **IT IS SO ORDERED.**

WECHSLER, C.J. and ROBINSON, J. concur.