2007-NMCA-062

159 P.3d 1136

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Robert BOUNDS, Defendant–Appellant.**

No. 25,448.

Court of Appeals of New Mexico.

April 4, 2007.

Certiorari Granted, No. 30,351, May 11, 2007.

Certiorari Denied, No. 30,363, May 21, 2007.

**652**

Gary K. King, Attorney General, Santa Fe, NM, Steven S. Suttle, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} Defendant appeals four issues related to his conviction of second-degree murder as an accessory to the murder of Shannon Trent. Defendant contends that there was (1) insufficient evidence to support the verdict, (2) error in allowing the introduction of a .22 caliber rifle as a replica of one of the murder weapons, (3) fundamental error when provocation was included in the jury instruction for second-degree murder, and (4) error

in aggravating Defendant's sentence. We reviewed the first three issues and affirmed Defendant's conviction in a separate memorandum opinion, filed concurrently with this opinion. We address the sentencing issues in this formal opinion and remand the case to the trial court for imposition of a sentence consistent with the United States Supreme Court decision in *Cunningham v. California,* —— U.S. ——, ——, 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007) (striking down California's determinate sentencing law, which is similar to that of New Mexico, on the ground that the California law violated the Sixth Amendment right to a jury trial).

## I. BACKGROUND

{2} The facts of this case are fully set out in an unpublished memorandum opinion, filed concurrently, wherein we affirmed Defendant's conviction of second-degree murder as an accessory to murder. Here, we address Defendant's arguments regarding sentencing.

## II. DISCUSSION

### A. Sentence Aggravation and the Sixth Amendment

{3} After conviction, the trial court held a sentencing hearing and aggravated the basic sentence by five years. Defendant contends that the enhancement of his sentence violated his rights under the Sixth Amendment because the enhancement should have been based on findings made by a jury using the reasonable doubt standard. *See Blakely v. Washington,* 542 U.S. 296, 303–04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (confirming and expanding the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Defendant acknowledges that although this Court held in *State v. Frawley,* 2005–NMCA–017, ¶ 13, 137 N.M. 18, 106 P.3d 580, that enhancement of a sentence pursuant to NMSA 1978, § 31–18–

15.1 (1993), was unconstitutional, our Supreme Court overruled *Frawley. State v. Lopez,* 2005–NMSC–036, ¶ 45, 138 N.M. 521, 123 P.3d 754. In *Lopez,* the Court determined that *Blakely* did not apply because the basic sentence under Section 31–18–15.1 included a range of years such that a trial court's imposition of a sentence within that range, based on the circumstances of a particular case, was constitutional. *Lopez,* 2005–NMSC–036, ¶ 55, 138 N.M. 521, 123 P.3d 754. Our Supreme Court's decision in *Lopez* relied in great part on the reasoning of a California case that upheld California's sentencing scheme-a sentencing scheme very similar to that of New Mexico. *Id.* ¶¶ 36, 40, 42–43, 46, 54–55 (discussing *People v. Black,* 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534 (2005), *vacated, Black v. California,* — U.S. —, 127 S.Ct. 1210, 167 L.Ed.2d 36 (2007) (mem.)).

{4} In January 2007, the United States Supreme Court decided *Cunningham,* 127 S.Ct. at 860, and thus struck down California's determinate sentencing law on the ground that it violated the defendant's Sixth Amendment right to a jury trial, as interpreted in *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348; *Blakely,* 542 U.S. at 303–05, 124 S.Ct. 2531; and *United States v. Booker,* 543 U.S. 220, 243–44, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Cunningham,* 127 S.Ct. at 864–71. Consequently, in February of this year, the United States Supreme Court granted the petitions for writs of certiorari and vacated the judgments in *Frawley* and other New Mexico sentencing cases that followed *Lopez,* and the United States Supreme Court remanded those cases to the New Mexico Supreme Court for further consideration in light of the holding in *Cunningham. See Frawley v. New Mexico,* — U.S. —, 127 S.Ct. 1214, 167 L.Ed.2d 39 (2007) (mem.); *Sandoval v. New Mexico,* — U.S. —, 127 S.Ct. 1214, 167 L.Ed.2d 39 (2007) (mem.); *Freeman v. New Mexico,* — U.S. —, 127 S.Ct. 1215, 167 L.Ed.2d 40 (2007) (mem.); *King v. New Mexico,* — U.S. —, 127 S.Ct. 1222, 167 L.Ed.2d 45 (2007) (mem.); *Bounds v. New Mexico,* — U.S. —, 127 S.Ct. 1246, 167 L.Ed.2d 61 (2007) (mem.). As a result of the direction provided by the United States Supreme Court in *Cunning-*ham and its effect on the holding in *Lopez,* we conclude that Defendant's sentence violated the Sixth Amendment. Accordingly, we remand this case to the trial court to impose a sentence consistent with the holding in *Cunningham.*

**B. Factors Considered to Aggravate Sentence**

{5} Defendant also contends that his sentence was improperly enhanced, based on two factors: the trial court's conclusions that Defendant was feigning incompetency and that he lacked remorse. Because we are remanding this case to the trial court for resentencing consistent with the holding in *Cunningham,* there is no need to address this issue.

**III. CONCLUSION**

{6} We reverse and remand this case to the trial court with instructions to enter a revised judgment and sentence in accordance with Sixth Amendment requirements as set forth in *Cunningham,* 127 S.Ct. at 871.

{7} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.