This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **No. 35,682**

**CINDY OTERO-GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant appeals from an on-the-record district court judgment affirming her metro court conviction for driving while intoxicated (DWI) (slightest degree). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} **Issue 1:** Defendant has abandoned this issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (observing that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

{3} **Issue 2:** Defendant continues to challenge the sufficiency of the evidence to support her conviction for DWI. [MIO 1] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{4} In order to convict Defendant of DWI, the evidence had to show that Defendant was under the influence of intoxicating liquor while operating a motor vehicle, and

that this affected her ability to operate the vehicle to at least the slightest degree. NMSA 1978, § 66-8-102(A) (2016); UJI 14-4501 NMRA.

{5}     Here, at 2:40 a.m. an officer stopped Defendant's car based on an inoperable headlight. [RP 128] When stopped, Defendant had bloodshot, watery eyes and slurred speech, smelled of alcohol, and admitted to drinking. [RP 128] Defendant then proceeded to perform poorly on the field sobriety tests (FSTs). [RP 129] Defendant then refused to submit to chemical testing. [RP 132] To the extent that Defendant is claiming that her injured ankle could explain the poor performance on the field sobriety tests, the metropolitan court, sitting as fact-finder, specifically noted that many indications of impairment during the FSTs could not be attributed to the ankle. [RP 132] We therefore conclude that there was sufficient evidence presented to support Defendant's DWI conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech), *abrogated on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had

slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

{6}     For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**

4