2007-NMSC-012

157 P.3d 8

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Jesse OTTO, Defendant–Respondent.**

**No. 29,158.**

Supreme Court of New Mexico.

Feb. 23, 2007.

Rehearing Denied April 11, 2007.

Gary K. King, Attorney General, M. Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Petitioner.

John Bigelow, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, NM, for Respondent.

**OPINION**

MAES, Justice.

{1} Following a jury trial, Defendant, Jesse Otto, was convicted of criminal sexual penetration of a minor (CSPM), contrary to NMSA 1978, § 30–9–11(C)(1) (1993, prior to 2003 amendment). He appealed. The Court of Appeals reversed and remanded for a new trial, holding that the trial court improperly permitted evidence of uncharged acts and of statements made by the victim to the victim's mother. The Court also found that the admission of the evidence was more prejudicial than probative. The State appeals to this Court arguing that the Court of Appeals erred when it: (1) held that evidence of uncharged acts by Defendant was not admissible under Rule 11–404(B) NMRA and Rule 11–403 NMRA; (2) held that the trial court abused its discretion in admitting the victim's statements to her mother; and (3) instructed the trial court to follow *State v. Frawley*, 2005–NMCA–017, 137 N.M. 18, 106 P.3d 580, regarding sentencing. We reverse and remand to the Court of Appeals to address Defendant's argument regarding the enhancement of his sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} On August 30, 2001, Defendant was indicted on one count of criminal sexual penetration on a child under 13 years of age,

contrary to § 30–9–11(C)(1). The victim, Defendant's step-daughter, testified by video deposition. The victim's deposition was recorded on two video tapes. The first video related to the charged act, which occurred in Alamogordo, New Mexico, between September 1 and October 31, 2000, when the victim was six years old. The second video related to subsequent uncharged acts, which occurred in Colorado.

{3} The day before trial, the court held a hearing to determine the admissibility of certain evidence. Defendant's attorney argued that statements made by the victim to her mother and evidence of the uncharged acts in Colorado should not be admitted. He explained that the defense theory was that Defendant touched but did not penetrate the victim, and stated, "I will be submitting a lesser included offense jury instruction for criminal sexual contact of a minor, and that being so, well, we're not really arguing mistake, what we are arguing [is] what exactly happened. I don't really think that it's necessary for the Colorado stuff to come in and it's highly prejudicial." The State argued that when Defendant was interviewed after his arrest, his statements to the detective raised doubt as to whether Defendant knowingly engaged in the conduct, and that the second video containing victim's testimony regarding the acts in Colorado should be admitted under Rule 11–404(B) NMRA to show intent and lack of mistake or accident.

{4} After reviewing the arrest warrant affidavit, the police report containing Defendant's statements to the police, and the tape-recorded interview of the victim's mother, the court ruled that the statements by the victim to her mother would be allowed to show what the victim's mother did in response to the statements and "so that the jury can have the complete picture as to how this all unfolded...." The court stated that a limiting instruction would be given, upon request. The court then ruled that the evidence of the uncharged acts in Colorado would also be admitted, stating that the "testimony as to what went on in Colorado is part of this whole picture, that cannot be presented properly without all the pieces of the puzzle and all pieces of the picture...."

The court also found that the probative value of the evidence was not outweighed by unfair prejudice.

{5} At trial, the jury viewed both video tapes containing the victim's testimony. The other witnesses were the victim's mother, the police officer who conducted the initial investigation, and the detective who interviewed Defendant after his arrest. The victim's mother testified that one evening after they moved to Colorado she saw Defendant in bed with the victim and later questioned the victim. The victim's mother testified that her daughter told her that "he comes in there just about every night mom," and "he sticks his finger inside me and wiggles it around and it hurts mom and I don't like it." The court instructed the jury not to consider the victim's statements to her mother for the truth of the statements, but for the limited purpose of explaining what the mother did in response to the statements. The victim's mother then testified that she confronted Defendant about what the victim had told her. Defendant started crying and said he was sorry.

{6} The detective who interviewed Defendant after his arrest testified that when he confronted Defendant about the allegation that Defendant had penetrated the victim's vagina with one finger and then four fingers, Defendant stated he didn't remember, but that he came "pretty damn close." The prosecutor then asked the detective if Defendant explained how he got into that situation, and the detective replied, "[Defendant] stated that he was ready to finger her but he woke up but he didn't think that he did." The detective also testified that he questioned Defendant about telling the victim not to tell her mother about the incident. Defendant admitted taking the victim into another room and talking about it. The detective testified that "[Defendant] stated that he did take her into the toy room and stated that he figured it wasn't serious enough to make a big deal about it...." Additionally, the detective testified that when he asked Defendant why the victim would lie, referring to the allegations of penetration in the affidavit, Defendant stated that he did not believe that the victim would lie, and that he knew that she had told

the truth. The defense called no witnesses. Defendant was convicted of criminal sexual penetration. He appealed.

{7} The Court of Appeals held that the "use of the uncharged Colorado acts as evidence of the charged Alamogordo acts in this context [was] contrary to Rule 11–404(B) NMRA." *State v. Otto,* 2005–NMCA–047, ¶ 2, 137 N.M. 371, 111 P.3d 229. The Court held that the statements that the victim made to her mother regarding the uncharged acts were similarly inadmissible. *Id.* According to the Court, the State misinterpreted Defendant's statement to the detective, and that what Defendant meant by this statement was that he did not commit the act of penetration, not that he was mistaken as to what acts he had committed. *Id.* ¶ 11. The Court stated that the State incorrectly sought the admission of the evidence of the uncharged acts in Colorado to show intent and absence of mistake or accident based upon this misinterpretation, and that whether Defendant did what he did accidentally or by mistake was "[n]ot in issue." *Id.* ¶¶ 11, 16. Comparing Defendant's case to *State v. Ruiz,* 2001–NMCA–097, 131 N.M. 241, 34 P.3d 630, the Court determined that the use of evidence of the uncharged acts amounted to "no more" than evidence of Defendant "acting in conformity with his propensity." *Otto,* 2005–NMCA–047, ¶ 16, 137 N.M. 371, 111 P.3d 229. The Court also determined that the admission of the evidence was more prejudicial than probative. *Id.* Upon remand for a new trial, the Court instructed the trial court to follow *Frawley,* 2005–NMCA–017, 137 N.M. 18, 106 P.3d 580, in terms of sentencing if Defendant was convicted again. *Otto,* 2005–NMCA–047, ¶ 3, 137 N.M. 371, 111 P.3d 229.

{8} Judge Pickard dissented, finding that the evidence of the uncharged acts was admissible to show "intent, lack of accident, mistake, and knowledge of what Defendant was doing." *Id.* ¶¶ 31–32. She stated that the majority violated the "cardinal rule of appellate procedure" that an appellate court "will affirm a trial court's decision reaching a correct result, even though the reason offered to support the result is wrong," and that the majority violated the "basic rule of criminal law" that courts "do not limit the State's presentation of evidence to the narrow question of what a defendant has expressly put in issue." *Id.* ¶¶ 29–30. The State appealed to this Court, and we granted certiorari.

## II. DISCUSSION

### A. The trial court did not abuse its discretion in admitting evidence of the uncharged acts under Rule 11–404(B)

{9} We review the trial court's decision to admit evidence under Rule 11–404(B) for abuse of discretion. *State v. Williams,* 117 N.M. 551, 557, 874 P.2d 12, 18 (1994). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Woodward,* 121 N.M. 1, 4, 908 P.2d 231, 234 (1995) (citing *State v. Apodaca,* 118 N.M. 762, 770, 887 P.2d 756, 764 (1994)).

{10} "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Rule 11–404(B). This list is not exhaustive and "evidence of other wrongs may be admissible on alternative relevant bases so long as it is not admitted to prove conformity with character." *State v. Martinez,* 1999–NMSC–018, ¶ 27, 127 N.M. 207, 979 P.2d 718; *see also State v. Jones,* 120 N.M. 185, 188, 899 P.2d 1139, 1142 (Ct. App.1995) ("New Mexico allows use of other bad acts for many reasons, including those not specifically listed in [Rule] 11–404(B)."). Before admitting evidence of "other crimes, wrongs or acts," the trial court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11–403. *See State v. Gai-*

*tan,* 2002–NMSC–007, ¶ 26, 131 N.M. 758, 42 P.3d 1207.

 {11} A potential inference of mistake or accident was created by Defendant's statement to the detective that he "was ready to finger her but he woke up but he didn't think he had." Defendant also told the detective that the victim would not lie and that she had told the truth about what happened. We agree with the view expressed in the dissent to the Court of Appeals' opinion that "[i]t appeared that Defendant was telling the police that what he did might have been done in his sleep without his conscious intent and whatever he did, he stopped it as soon as he awoke and realized what he was doing." *Otto,* 2005–NMCA–047, ¶ 28, 137 N.M. 371, 111 P.3d 229 (Pickard, J., dissenting). Because this statement could have been interpreted by the jury as admitting to penetration, but doing so unconsciously, the prosecution had the right to introduce evidence to show that Defendant's actions were intentional and not committed accidentally or by mistake. Defendant argues that because his defense theory at trial was that he committed sexual contact without penetration, not that he "mistakenly or without knowledge committed sexual acts," the State's purposes for presenting evidence of the uncharged Colorado acts to show intent and absence of mistake or accident were eliminated. He argues that he "put on no evidence that he was half-asleep and did not know what he was doing." The Court of Appeals agreed and stated that "despite the prosecution's assertions, Defendant did not allege a mistake as to the character of his actions. At no point in the trial did Defendant deny having had contact with the child's genitals." *Otto,* 2005–NMCA–047, ¶ 16, 137 N.M. 371, 111 P.3d 229. However, it does not matter that Defendant's statement was introduced into evidence by the State rather than Defendant. There is nothing in Rule 11–404(B) that requires evidence admitted under this rule be offered only to rebut evidence presented by the defense.

{12} The fact that the trial judge stated in his ruling on Defendant's motion to exclude the evidence that he was admitting it as "part of [the] whole picture;" in other words,

to provide context, does not alter our view. Although context may be a proper purpose under Rule 11–404(B), *see Jones,* 120 N.M. at 188, 899 P.2d at 1142 (stating that the Court of Appeals has "approved the admission of other-bad-acts evidence to show the context of other admissible evidence"), we do not address the issue of whether context was a proper purpose in this case, because we find that the evidence was properly admitted to show intent and absence of mistake or accident. *See State v. Torres,* 1999–NMSC–010, ¶ 22, 127 N.M. 20, 976 P.2d 20 (appellate court may affirm trial court's admission of evidence on grounds not relied upon by trial court unless those grounds are based upon facts that defendant did not have a fair opportunity to address in the proceedings below).

{13} The evidence was properly admitted to refute the inference of mistake or accident created by Defendant's statement to the detective. Therefore, we find that the trial court did not abuse its discretion in admitting evidence of the uncharged acts in Colorado. Because we find that the evidence was properly admitted under Rule 11–404(B), we do not address the other arguments made by the State in support of reversal on this issue.

**B. The trial court did not abuse its discretion in admitting evidence of the uncharged acts under Rule 11–403**

 {14} The State also argues that the Court of Appeals erred in its determination that the evidence of the uncharged acts was not admissible under Rule 11–403. This rule states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Rule 11–403. "Because a determination of unfair prejudice is fact sensitive, 'much leeway is given trial judges who must fairly weigh probative value against probable dangers.' " *Id.* We review for abuse of discretion. *See State v. Martinez,* 1999–NMSC–018, ¶ 31, 127 N.M. 207, 979 P.2d 718 ("The trial court is vested with great discretion in applying Rule [11–403],

and it will not be reversed absent an abuse of that discretion.") (internal quotation marks and citation omitted).

{15} The trial court found that the probative value of this evidence was not outweighed by any unfair prejudice to Defendant. We agree. The evidence was highly probative to show lack of mistake or accident. Without the evidence of the uncharged acts, the jury was much more likely to believe that what happened in Alamogordo was a mistake or accident that only occurred because Defendant was asleep. There was no other evidence available to rebut this potential inference. *See State v. Niewiadowski,* 120 N.M. 361, 365, 901 P.2d 779, 783 (Ct.App. 1995) (availability of other means of proof is factor to consider in determining probative value).

{16} "The purpose of [Rule] 11–403 is not to guard against any prejudice whatsoever, but only against the danger of *unfair* prejudice." *State v. Woodward,* 121 N.M. 1, 6, 908 P.2d 231, 236 (1995) (citing 1 Kenneth S. Broun et al., *McCormick on Evidence* § 185, at 780 (John W. Strong ed., 4th ed.1992)). Evidence is not unfairly prejudicial "simply because it inculpates the defendant." *Id.* Rather, prejudice is considered unfair when it "goes *only* to character or propensity." *State v. Ruiz,* 119 N.M. 515, 892 P.2d 962 (Ct.App.1995) (emphasis added). In the present case, the evidence was properly admitted to show absence of mistake or accident—a "legitimate non-character use of the evidence." *State v. Jordan,* 116 N.M. 76, 80, 860 P.2d 206, 210 (Ct.App.1993). Given the probative value of the evidence for this purpose, we cannot say that the admission of the evidence was against the logic and effect of the facts and circumstances of the case, untenable, or not justified by reason. *See Woodward,* 121 N.M. at 4, 908 P.2d at 234. Therefore, the trial court did not abuse its discretion in admitting evidence of the uncharged acts under Rule 11–403.

**C. The trial court did not abuse its discretion in admitting the victim's statements to her mother**

{17} The State urges this Court to reverse the Court of Appeals in its determination that the trial court abused its discretion by admitting the victim's statements to her mother. Defendant argued at the hearing for the motion in limine that the victim's statements to her mother in Colorado describing what Defendant had done to her were hearsay and should not be admitted. The trial court denied the motion, ruling that the statements were admissible to show why the victim's mother confronted Defendant in Colorado. At trial, the court instructed the jury to consider the statements "for the limited purpose only of explaining or supporting what the mother did in response or reaction to [the statements] and not for the truth of the child's statements to the mother." We presume that the jury followed the court's limiting instruction. *See Woodward,* 121 N.M. at 6, 908 P.2d at 236.

{18} Although the court referred to the statements as hearsay and allowed them under a "hearsay exception," we conclude that the statements were not hearsay. Statements offered for a purpose other than their truth are not hearsay. Rule 11–801(C) NMRA; *see also State v. Rosales,* 2004–NMSC–022, ¶ 16, 136 N.M. 25, 94 P.3d 768 ("Extrajudicial statements or writings may properly be received into evidence, not for the truth of the assertions therein contained, or the veracity of the out-of-court declarant, but for such legitimate purposes as that of establishing knowledge, belief, good faith, reasonableness, motive, *effect on the hearer* or reader, and many others." (emphasis added) (internal quotation marks and citation omitted)). The statements were offered for the legitimate purpose of explaining why the victim's mother confronted Defendant in Colorado. The trial court's admission of these statements was not "against the logic and effect of the facts and circumstances of the case," or "clearly untenable or not justified by reason." *See Woodward,* 121 N.M. at 4, 908 P.2d at 234 (discussing standard or review for trial court's admission or exclusion of evidence). Therefore, we hold that the trial court did not abuse its discretion in admitting these statements.

{19} Quoting *State v. Alberts,* 80 N.M. 472, 457 P.2d 991 (Ct.App.1969), that "evidence must be consistent with a legitimate purpose

and have some probative effect upon an issue in the case," the dissent argues that the reason the victim's mother confronted Defendant in Colorado has no probative effect upon the material issue in the case—whether Defendant committed CSPM in Alamogordo. In *Alberts*, a narcotics officer testified that during a briefing with local law enforcement officers, the officers named the defendant as a person engaged in illegal marijuana traffic. *Id.*, 80 N.M. at 473, 457 P.2d at 992. The defendant objected on the grounds that the testimony was hearsay and prejudicial. *Id.* The trial court found that the statement was not offered for the truth of the matter asserted, but to establish the cause of the investigation and to show probable cause. *Id.* The Court of Appeals reversed, finding that the evidence "was clearly hearsay and clearly prejudicial." *Id.*, 80 N.M. at 474, 457 P.2d at 993. The Court stated that the testimony "was not consistent with any legitimate purpose," and "[t]he naming of [the] defendants as persons engaged in 'illegal marijuana traffic,' for the purpose of showing why [the officer] conducted an investigation, is not a legitimate reason for admitting this extremely prejudicial testimony." *Id.*

{20} In the present case, the dissent makes the argument that, similar to *Alberts*, there was no legitimate reason for admitting the victim's statements to her mother. However, *Alberts* is not dispositive for several reasons. First of all, this Court distinguished *Alberts* in *State v. Stampley*, 1999–NMSC–027, ¶¶ 38–39, 127 N.M. 426, 982 P.2d 477, by finding that although non-hearsay statements for the purpose of establishing the reason for a police investigation can be highly prejudicial, statements offered for other purposes, such as to explain police conduct, can be admissible "if relevant to a fact of consequence and not offered to prove the truth of the matter asserted." In the present case, the trial court admitted the statements to show why the victim's mother confronted Defendant, a legitimate non-hearsay purpose. Second, the dissent relies on *Alberts* to assert that the trial court's purpose for admitting the evidence in the present case was "only legitimate if the purpose has any bearing on whether Defendant committed CSPM in Alamogordo." However, the

*Alberts* Court found that the reason for the investigation had no relevance to *any* issue in the case, *Alberts*, 80 N.M. at 475, 457 P.2d at 994, not that it had no relevance to the *material* issue in the case. In the present case, the reason that the victim's mother confronted Defendant in Colorado was relevant as to why Defendant cried and apologized for an hour and a half when faced with the allegations that he had penetrated the victim almost every night. Although the confrontation itself may not have been probative as to whether Defendant committed the Alamogordo acts, the confrontation was probative as to whether Defendant penetrated the victim in Colorado because Defendant did not deny the allegations in the victim's statements, but instead he responded by crying and apologizing. Finally, the Court in *Alberts* determined that the testimony was hearsay, and in this case we find that the testimony was not hearsay.

**D. The Court of Appeals erroneously instructed the trial court regarding the enhancement of Defendant's sentence**

{21} The trial court enhanced defendant's sentence by one-third. Defendant appealed, claiming that the trial court's decision was not supported by sufficient evidence. The Court of Appeals did not rule on the sentencing issue, but instructed the trial court that "sentences may not be increased on the basis of aggravating circumstances unless those circumstances are found by the jury beyond a reasonable doubt," based on *State v. Frawley*, 2005–NMCA–017, 137 N.M. 18, 106 P.3d 580. This Court overruled *Frawley* in *State v. Lopez*, 2005–NMSC–036, 138 N.M. 521, 123 P.3d 754. Thus, *Lopez* is controlling on the issue of sentence enhancement. Because we affirm Defendant's convictions, the Court of Appeals must address the issue of whether there was sufficient evidence to support the trial court's enhancement of Defendant's sentence.

**III. CONCLUSION**

{22} We hold that the trial court did not abuse its discretion in admitting evidence of uncharged acts by Defendant and the victim's statements to her mother. We also

hold that the trial court did not abuse its discretion by ruling that the evidence of the uncharged acts was not more prejudicial than probative. Accordingly, we reverse and remand to the Court of Appeals to address Defendant's argument regarding the enhancement of his sentence.

{23} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, and RICHARD C. BOSSON, Justices.

EDWARD L. CHÁVEZ, Chief Justice (concurring in part and dissenting in part).

CHÁVEZ, Chief Justice (concurring in part and dissenting in part).

{24} I concur in Part II.A–B of the majority opinion because, through his equivocal statement to the police, Defendant, himself, injected the issue of mistake into the proceedings. However, I respectfully dissent from Part II.C of the majority opinion. After finding Defendant in bed with Victim in Colorado, Mother asked Victim if anything had happened. Victim told mother that Defendant had digitally penetrated her many times. Mother then confronted Defendant, and Defendant shamefully and sorrowfully admitted to these Colorado acts. This ultimately led to Mother contacting the police. The trial court concluded that Mother could testify as to what Victim told her "for the limited purpose only of explaining or supporting what the mother did in response or reaction to that and not for the truth of the child's statements to the mother." Although the trial court called this "an exception to the hearsay rule," the trial court essentially ruled the statement to be non-hearsay. *See* Rule 11–801(C) NMRA (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

{25} The majority concludes that the trial court did not abuse its discretion in admitting this testimony because it was "offered for the legitimate purpose of explaining why the victim's mother confronted Defendant in Colorado" and because a limiting instruction was given to the jury. Maj. Op. ¶¶ 17–18.

The majority bases its conclusion on the recent statement in *State v. Rosales,* 2004–NMSC–022, ¶ 16, 136 N.M. 25, 94 P.3d 768, that "[e]xtrajudicial statements ... may properly be received into evidence, not for the truth of the assertions therein contained, ... but for such legitimate purposes as that of ... effect on the hearer...." This statement in *Rosales,* however, was a direct quote from *State v. Alberts,* 80 N.M. 472, 474–75, 457 P.2d 991, 993–94 (Ct.App.1969), and *Alberts* shows why Mother's statements should not have been admitted.

{26} In *Alberts,* a State Police Officer testified that local law enforcement officers told him that the defendants were involved in trafficking marijuana; the defendants objected on hearsay grounds. The trial court overruled the objection, stating that the statement was not offered for the truth of the matter, but "to establish the reason for investigation and to show probable cause." *Id.* at 473, 457 P.2d 991. After reciting the above-stated rule the majority uses to support the admission of Mother's testimony, the court in *Alberts* continued:

> However, the evidence must be consistent with a legitimate purpose and have some proper probative effect upon an issue in the case. The objectionable testimony here was not consistent with any legitimate purpose. The naming of defendants as persons engaged in "illegal marijuana traffic," for the purpose of showing why Officer Sedillo conducted an investigation, is not a legitimate reason for admitting this extremely prejudicial testimony. It could have had no probative effect upon any issue in the case, other than the improper effect of persuading the jury as to the guilt of defendant.

*Id.* at 475, 457 P.2d 991.

{27} Here, the same result is demanded. Why Mother confronted Defendant in Colorado about the Colorado acts has absolutely no probative value relating to the material issue in this case—*i.e.,* whether Defendant committed CSPM in Alamogordo. The majority deems the use of the Victim's statement to Mother to be for a "legitimate purpose." Although using Victim's statement to Mother about the Colorado acts to show why

Mother confronted Defendant may have, as the trial court put it, been for a *limited* purpose, this purpose is only *legitimate* if the purpose has any bearing on whether Defendant committed CSPM in Alamogordo. Because I fail to see how the answer to the question of why Mother confronted Defendant about the Colorado acts has any relevancy as to whether Defendant committed the Alamogordo act, I would hold the admission of Victim's statement to Mother to be error.

{28} Numerous cases in other jurisdictions have held such non-hearsay statements inadmissible on grounds of irrelevancy or because they were unfairly prejudicial in light of their limited probative value. *See, e.g., United States v. Williams*, 133 F.3d 1048, 1050–51 (7th Cir.1998); *United States v. Brown*, 767 F.2d 1078, 1083–84 (4th Cir.1985); *Commonwealth v. Yates*, 531 Pa. 373, 613 A.2d 542, 543–44 (1992). Various treatises also recognize the fallacy of admitting a statement as non-hearsay under the guise of providing "background" or "context" to the proceedings. *See, e.g.,* David F. Binder, *Hearsay Handbook*, § 2:10, at 2–40 (4th ed. 2001) ("In criminal cases the prosecution is fond of offering evidence of inculpatory out-of-court assertions as 'background' to explain why law enforcement agents decided to investigate a defendant. Such evidence is seldom relevant.").

{29} Moreover, not only was it irrelevant why Mother confronted Defendant about Defendant's acts in Colorado, the admission of Victim's statement to Mother as non-hearsay was unfairly prejudicial to Defendant. Having found the Colorado acts admissible as Rule 11–404(B) evidence, the jury watched Victim testify on videotape that such acts occurred. Given the fact that Victim's Rule 11–404(B) testimony about what happened in Colorado was only admitted because it was probative on the issue of mistake, any further evidence admitted on this issue greatly risked tipping the Rule 11–403 balance in favor of excluding the evidence. I believe that allowing Mother to testify that Victim told her about the Colorado acts tipped the scales because its true effect was to buttress Victim's credibility by using a prior consistent statement. It is a cardinal rule that a witness's credibility cannot be buttressed by admitting a prior consistent statement unless, among other things, the credibility of the witness has first been attacked. *See* Rule 11–801(D)(1)(b) NMRA; *State v. Salazar*, 1997–NMSC–044, ¶ 66, 123 N.M. 778, 945 P.2d 996; *State v. Alaniz*, 55 N.M. 312, 317, 232 P.2d 982, 984 (1951). I believe this rule holds particular force when dealing not with the substance of the charged crime, but with testimony regarding extrinsic acts admitted under Rule 11–404(B). Regardless of any limiting instruction, evidence offered in support of the veracity of the Rule 11–404(B) evidence should never have come in front of the jury in the first place. *See* Rule 11–105 NMRA (providing for a limiting instruction when evidence is admissible "for one purpose but not admissible . . . for another purpose").

{30} For the foregoing reasons, I respectfully concur in part and dissent in part.