This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                      **NO. 31,205**

**ROBERT FLORES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Caren I. Friedman
Santa Fe, NM

The Pickett Law Firm
Mark L. Pickett
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State appeals the district court's order granting in part Defendant Robert Flores's motion in limine. We affirm the district court. Because the parties are familiar with the facts and proceedings of this case and because this is a memorandum opinion, we provide only a brief discussion of the background. We include additional information as necessary in connection with the issues raised.

**BACKGROUND**

On the evening of December 5, 2007, and into the early morning hours of December 6, 2007, Defendant was home alone with his four-month-old daughter, Kalynne. At about 3:30 a.m. on December 6, Kalynne's mother returned home from work and discovered Kalynne was unresponsive. Defendant called 911, and Kalynne was transported to the hospital where she was pronounced dead. Defendant was interviewed by law enforcement for several hours that morning. During the course of the interview, Defendant told law enforcement that he had been drinking and that around 10:45 p.m., he had placed Kalynne in a laundry basket in the closet and left the house to buy beer and cigarettes. Defendant left Kalynne in the laundry basket for an

undetermined period of time. The office of the medical investigator concluded that the cause of death was asphyxia. Defendant was indicted by a grand jury on one count of intentional child abuse resulting in death, contrary to NMSA 1978, Section 30-6-1(D)(1), (H) (2005) (amended 2009) or, alternatively, one count of negligent child abuse resulting in death, contrary to Section 30-6-1(D)(1), (F).

Prior to trial, Defendant filed a motion in limine to exclude evidence that he left his home and left Kalynne there alone on the night of December 5, 2007, or early morning hours of December 6, 2007. Defendant also moved to exclude evidence that he went to the store to buy beer or any other items on the grounds that the evidence was irrelevant and prejudicial. Additionally, Defendant sought to exclude evidence that he had a drinking problem.

The district court issued an order granting in part and denying in part Defendant's motion in limine. The district court admitted, subject to the proper foundation, evidence that Defendant left the residence and left Kalynne alone there. The district court also admitted Defendant's statements that he had been drinking, as well as recently used alcohol containers retrieved from the scene. However, the district court excluded evidence that Defendant left the residence for the purpose of buying beer. The State appeals the court's ruling excluding evidence that Defendant

3

left to buy beer because it contends that this fact goes to Defendant's mental state. *See* NMSA 1978, § 39-3-3(B)(2) (1972); § 30-6-1(D)(1); UJI 14-602 NMRA.

**DISCUSSION**

**Standard of Review**

We review a district court's evidentiary rulings for an abuse of discretion. *State v. Flores*, 2010-NMSC-002, ¶ 25, 147 N.M. 542, 226 P.3d 641; *State v. Otto*, 2007-NMSC-012, ¶ 9, 141 N.M. 443, 157 P.3d 8. "A [district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Macias*, 2009-NMSC-028, ¶ 16, 146 N.M. 378, 210 P.3d 804 (internal quotation marks and citation omitted). "We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Flores*, 2010-NMSC-002, ¶ 25 (internal quotation marks and citation omitted).

The district court in this case excluded any evidence that Defendant left his residence for the purpose of buying beer on the night Kalynne died because it found that the evidence was not probative of any fact at issue in the case and because it was highly prejudicial. *See* Rules 11-401, 11-402, 11-403 NMRA. We begin with the district court's ruling that the evidence the State seeks to introduce was not relevant

or probative. We then turn to whether the district court abused its discretion in determining that the evidence was unfairly prejudicial.

**Rules 11-401 and 11-402: Relevant Evidence**

In his motion in limine, Defendant moved to exclude any evidence that he went to the store to buy beer or other items, in part, on grounds that such evidence was irrelevant under Rule 11-402. The district court agreed and concluded that evidence that Defendant left to buy beer was not probative of any fact actually at issue in the case.

Rule 11-401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence is probative and material and is admissible under Rule 11-402 except in certain circumstances, which are not at issue here. "Evidence [that] is not relevant is not admissible." *Id.* "[A]ny doubt whether the evidence is relevant should be resolved in favor of admissibility." *Flores*, 2010-NMSC-002, ¶ 27 (internal quotation marks and citation omitted).

In order to determine whether excluded evidence is relevant, we consider whether it is related to the issues in the case. *Id.* ¶ 28; Rule 11-401. Here, Defendant

was charged with one count of intentional child abuse resulting in death or, in the alternative, negligent child abuse resulting in death. To convict Defendant on the charge of intentional child abuse resulting in death, the State will be required to prove that Defendant placed Kalynne in a situation that endangered her health or life and that he acted intentionally in doing so. *See* § 30-6-1(D)(1); UJI 14-602. The relevant jury instruction provides that "[a] person acts intentionally when the person purposely does an act. Whether [Defendant] acted intentionally may be inferred from all of the surrounding circumstances, such as [Defendant's] actions or failure to act, conduct and statements." UJI 14-610 NMRA; UJI 14-602 Use Note 3. *But see State v. Cabezuela*, 2011-NMSC-041, ¶¶ 36-37, 150 N.M. 654, 265 P.3d 705 (holding that "UJI 14-602 . . . is a misstatement of the relevant law because the instruction, when it includes the phrase 'failure to act,' does not follow the language of Section 30-6-1").

To convict Defendant of negligent child abuse resulting in death, and specifically to establish the mens rea element, the State is required to prove that Defendant was criminally negligent, that is, that he acted with reckless disregard when he caused Kalynne to be placed in a situation that endangered her health or life. *See* UJI 14-602; § 30-6-1(A)(3); *State v. Vasquez*, 2010-NMCA-041, ¶ 11, 148 N.M. 202, 232 P.3d 438. A person acts with reckless disregard if he knew or should have known

that his conduct would create a substantial and foreseeable risk, he disregards that risk, and is wholly indifferent to the consequences of the conduct and to the welfare and safety of the child. UJI 14-602; *State v. Schoonmaker*, 2008-NMSC-010, ¶ 43, 143 N.M. 373, 176 P.3d 1105. Our Supreme Court has said that a person is criminally negligent if he

> should be aware of a substantial and unjustifiable risk that harm will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him involves a gross deviation from the standard of care.

*State v. Chavez*, 2009-NMSC-035, ¶ 45, 146 N.M. 434, 211 P.3d 891 (emphasis, alteration, internal quotation marks, and citation omitted); *Schoonmaker*, 2008-NMSC-010, ¶ 43; *see also Vasquez*, 2010-NMCA-041, ¶¶ 12, 14 (applying this definition to determine whether there was sufficient evidence that the defendant had the requisite mens rea of criminal negligence).

In this case, it is uncontested that Defendant left Kalynne alone to go buy beer and cigarettes. The State contends that Defendant's statements that he left Kalynne for that purpose are relevant to show that he acted intentionally. We agree. Because the jury may determine whether Defendant acted intentionally by considering "all of the surrounding circumstances," we conclude that the evidence that Defendant left the

residence specifically to buy beer is clearly a "surrounding circumstance" that may be relevant. *See* UJI 14-610.

We also agree with the State that evidence that Defendant left to buy beer is probative of whether he was criminally negligent. The determinative factor in deciding whether a defendant's conduct created a substantial and foreseeable risk is the gravity of the risk itself; however, the jury may consider the "nature and purpose" of a defendant's conduct in making that determination. *Vasquez*, 2010-NMCA-041, ¶¶ 12, 17. The excluded evidence in this case clearly includes information about the "nature and purpose" of Defendant's conduct. *See id.* ¶ 12. Consequently, once the State establishes that Defendant placed Kalynne in a position of risk that a reasonable person would apprehend, the evidence regarding why he did so may tend to show that he acted with reckless disregard of the risk. *See id.*; *Chavez*, 2009-NMSC-035, ¶ 45. The district court's ruling that evidence of Defendant going to the store to buy beer was not probative was in error. Such evidence is admissible under Rule 11-402.

**Rule 11-403:  Probative Value Versus Unfair Prejudice**

The district court also excluded evidence that Defendant left his residence to buy beer because it found that such evidence was highly prejudicial. Rule 11-403 gives district courts discretion to exclude otherwise relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

*Flores*, 2010-NMSC-002, ¶ 33. Rule 11-403 requires the district court to weigh the probative and prejudicial aspects of the evidence in order to determine whether the otherwise relevant evidence should be excluded because of the danger of unfair prejudice. *Flores*, 2010-NMSC-002, ¶ 36. "Because a determination of unfair prejudice is fact sensitive, much leeway is given [to district court] judges" in making that determination. *Otto*, 2007-NMSC-012, ¶ 14 (internal quotation marks and citation omitted).

The State argues that the district court abused its discretion in two ways: (1) by failing to carry out its Rule 11-403 duty of weighing the evidence, and (2) by excluding the evidence that the State contends is probative and carries no unfair prejudice. For the reasons that follow, we disagree.

With regard to the district court's duty to weigh the evidence, we note that after considering the pleadings and arguments of the parties as to all of the issues raised in Defendant's motion in limine, the court made a balanced ruling admitting some evidence and excluding other evidence. Specifically, the district court admitted evidence that Defendant was drinking that evening, that he left Kalynne alone in the laundry basket in the residence, as well as evidence regarding any recently used containers of alcohol retrieved from the scene. The court excluded evidence of prior convictions for alcohol-related offenses, evidence of containers of alcohol that were

hidden in the residence, any admission that Defendant had a drinking problem, and evidence that Defendant left Kalynne to go buy beer. Reviewing the record, we conclude that the district court judge "took seriously his responsibility under Rule 11-403 to balance the prejudicial and probative aspects of the evidence." *Flores*, 2010-NMSC-002, ¶ 36.

We are also persuaded that the district court performed its Rule 11-403 duties by the fact that its ruling did not completely foreclose the admission of the evidence that Defendant left to buy beer. Defendant's motion in limine was filed well in advance of trial. The district court ordered that the excluded evidence could be tendered for impeachment purposes after a bench conference and ruling outside the presence of the jury. This reflects the district court's recognition that, through the course of the trial, the probative value of the evidence could come to outweigh any danger of unfair prejudice. For these reasons, we are not persuaded by the State's assertion that the district court failed to conduct a proper Rule 11-403 analysis before excluding the evidence.

The State also contends that the evidence should be admitted because it is probative and not unfairly prejudicial. "In determining whether the [district] court has abused its discretion in applying Rule 11-403, the appellate court considers the probative value of the evidence[.]" *State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M.

438, 971 P.2d 829. Evidence is not unfairly prejudicial simply because it may tend to inculpate a defendant. *Otto*, 2007-NMSC-012, ¶ 16. Nor does "[t]he fact that some jurors might find this evidence . . . inflammatory" require its exclusion under Rule 11-403. *Flores*, 2010-NMSC-002, ¶ 34 (internal quotation marks and citation omitted).

We recognize that Defendant's act of leaving Kalynne at home alone so that he could go buy beer has probative value; however, we consider that value to be low. *See* Rule 11-403. At trial, the State will be required to prove that Defendant intentionally put Kalynne in a situation in which she was endangered or that he was wholly indifferent to the magnitude of the risk involved. *See* UJI 14-602; *Chavez*, 2009-NMSC-035, ¶ 45. The risk to Kalynne in this case was created when Defendant placed her in the laundry basket, when he placed her in the closet, and when he left her there for an undetermined period of time. The district court is allowing the State to present evidence that these acts occurred, as well as of Defendant's state of mind, that Defendant was drinking throughout the night, and that he left the house for a period of time. Under these facts, the district court's conclusion that the excluded evidence had little probative value was not contrary to logic or reason. *Cf. State v. Dombos*, 2008-NMCA-035, ¶ 34, 143 N.M. 668, 180 P.3d 675 (recognizing that the district court is granted "wide latitude in deciding whether to exclude evidence under Rule 11-403").

The State further asserts that Defendant's decision to leave Kalynne to go buy beer shows that he left for a selfish reason thus casting insight into Defendant's "deficient moral reasoning." Selfishness and deficient moral reasoning, the State contends, is direct evidence of Defendant's criminal negligence or intentional action. Furthermore, the probative value of the evidence is not outweighed by the prejudice because the only prejudice that may result from the admission of Defendant's own statements would be to establish Defendant's mens rea. We disagree.

"Determining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the [district] court." *Flores*, 2010-NMSC-002, ¶ 35 (internal quotation marks and citation omitted). "[P]rejudice is considered unfair when it goes *only* to character." *Otto*, 2007-NMSC-012, ¶ 16 (internal quotation marks and citation omitted). The State's assertions that the excluded evidence shows Defendant to be selfish and morally deficient in his reasoning appears to go to Defendant's character rather than to the mens rea elements of the crimes charged. We cannot say that the district court abused its discretion where its ruling reasonably balanced the admission of evidence showing Defendant's conduct and state of mind but excluded the evidence that it determined posed a danger of unfair prejudice. *See Flores*, 2010-NMSC-002, ¶¶ 35-36.

Finally, the State asserts that without the evidence of why Defendant left the residence, the jury will be forced to speculate that he left for innocent and fatherly reasons. The State's concern is unwarranted. After the district court ruled that it would exclude the evidence that Defendant left to buy beer, the State requested that the district court direct that no one would be allowed to imply that Defendant left the residence for any purpose that was to benefit Kalynne. The district court agreed to do so. It assured the State that its order would reflect that direction, and stated that if Defendant raised any such implication, he effectively would be breaching a court order and the court would then permit the excluded evidence to come in. Defendant agreed that no such implication would be made. Additionally, the district court's order specifically provides that the excluded evidence will be admissible for impeachment purposes at trial. We recognize that the jury may never learn Defendant's specific purpose in leaving the residence on the night of December 5, 2007; however, in the absence of any explanation, it seems unlikely that a jury would reasonably infer that Defendant's reason for leaving his infant daughter was justified.

The district court properly carried out its Rule 11-403 duty of weighing the probative value versus the prejudicial effect of the excluded evidence. In so doing, the court took "prudent and reasonable steps to minimize any unduly prejudicial effect" and admitted other relevant evidence for use at trial. *See Flores*, 2010-NMSC-

13

002, ¶ 36. We conclude that the district court did not abuse its discretion when it excluded evidence that Defendant left for the purpose of buying beer or that he felt that taking Kalynne with him to buy beer would be inappropriate.

**CONCLUSION**

We affirm the district court. The evidence of Defendant's purpose for leaving the residence is relevant under Rule 11-402. However, the district court did not abuse its discretion when it excluded that evidence under Rule 11-403.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**