This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **No. 33,001**

**JEROME SERNA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendant Jerome Serna appeals from a judgment following his bench-trial convictions of aggravated assault against a household member with a deadly weapon and criminal damage to property. Defendant raises two issues on appeal: (1) the district court erred in admitting, as either an "excited utterance" or a prior inconsistent statement, the investigating detective's testimony about statements made to him by Defendant's mother (Victim) during an interview an hour and a half after the incident; and (2) the evidence was insufficient to support any of his convictions. We reverse.

## I. BACKGROUND

**{2}** Defendant's convictions resulted based on evidence that he slashed Victim's front door with a machete, threatened her with it once inside, and caused her to subjectively fear that Defendant was going to hurt her with the machete. The evidence was presented through three witnesses. Officer Juarez testified that he responded to the scene, found slash marks in Victim's door and a sheath for a machete outside in front of Victim's residence. Officer Juarez also testified that Victim appeared afraid, frantic, and emotional and was crying at the scene. Victim testified that her door was "cut open." She testified in court that she remembered telling police that Defendant had a machete but she was unable to remember at trial what, if anything, Defendant had in his hand. She testified that she was scared and that Defendant said he was going to hurt her but she did not believe he would have actually hurt her. Detective Rightsell

testified that he interviewed Victim approximately an hour and a half after the incident at the police station in Roswell. Detective Rightsell went on to testify about what Victim told him during the interview.

## II.     DISCUSSION

## A.     HEARSAY ISSUE

{3}     Victim's interview statements are the only unequivocal evidence that Defendant was armed with a machete while threatening Victim. Those interview statements constitute the circumstantial evidence on which the State relies in arguing subjective fear on Victim's part. Defendant contends Detective Rightsell's testimony about Victim's statements was inadmissible hearsay that constituted the only evidence of Victim's subjective fear.

## 1.     Detective Rightsell's Testimony

{4}     To prove aggravated assault, the State was required to show, among other things, that Defendant threatened Victim with a machete and this caused Victim to have a subjective fear that Defendant was going to hurt her with that machete. *See* UJI 14-305 NMRA. Victim's trial testimony was equivocal as to whether Defendant was armed with a machete and whether she subjectively feared he would hurt her. In contrast, Detective Rightsell testified that Victim told him Defendant, armed with a machete, entered Victim's apartment and threatened to injure or kill her if she called

3

the police. The State offered Detective Rightsell's testimony about Victim's interview statements as present sense impressions. The district court allowed Detective Rightsell's testimony over Defendant's hearsay objection and reserved ruling on its admissibility, stating that the court was "not sure that it's necessarily . . . a present sense impression. . . . I'll allow it in and then the court will weigh it."

{5}     After the bench trial, the district court issued a letter decision. In its letter decision, the court ruled that Victim's interview statements to Detective Rightsell could be admitted as either prior inconsistent statements, a ground for admissibility that had not been raised by the prosecutor, or as present sense impressions. Also, for the first time, the court *sua sponte* ruled that "[a] sufficient factual predicate was established" to also admit the statements as "excited utterances[,]" even though the application of this exception had not been argued during the trial. Thus, although the prosecutor sought to admit the statements only as Victim's present sense impression, Victim's interview statements were admitted upon three bases:  prior inconsistent statement, present sense impression, and excited utterance.

**2.     The Hearsay Statements Were Erroneously Admitted**

{6}     Defendant asserts that Victim's interview statements were improperly admitted through Detective Rightsell and "became the lynchpin of the State's case" because

Defendant views the interview statements as the only evidence that could be considered as to Victim's subjective fear. We agree.

**{7}** Defendant's hearsay objection required the State to provide an exception to the hearsay rule in order to succeed in persuading the district court to overrule the hearsay objection. The prosecutor argued present sense impression at trial, and during trial, the district court allowed Detective Rightsell's testimony under that exception. *See* Rule 11-803(1) NMRA (defining a "present sense impression" as "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it"). On appeal, the State concentrates on the statements' admissibility based on the excited utterance exception that was added by the court after trial as a basis for allowing Detective Rightsell's testimony. *See* Rule 11-803(2) (stating that an "excited utterance" is "[a] statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused").

**{8}** Because Detective Rightsell's testimony derived from his interview of Victim that occurred at the police station approximately an hour and a half after the incident, we see no basis on which to conclude that his hearsay testimony was admissible as a present sense impression. *See State v. Sisneros*, 2013-NMSC-049, ¶ 19, 314 P.3d 665 (explaining that a present sense impression is admissible under Rule 11-803(1) only when the statement and the at-issue event or condition occur contemporaneously).

And we see no basis on which Detective Rightsell's testimony could properly be admitted as substantive evidence based on a theory of prior inconsistent statement, which would be applicable, if at all, only to impeach Victim. *See* Rule 11-613(B) NMRA (stating that a witness's prior inconsistent statement is "admissible only if the witness is given an opportunity to explain or deny the statement"). At oral argument, the parties agreed that the statements were not merely used for impeachment purposes, but as substantive evidence. We also cannot agree that Detective Rightsell's testimony was admissible under the excited utterance exception. The belated sua sponte application of that exception by the district court, pursuant to a letter decision followed by entry of judgment on the conviction, was an abuse of the court's discretion, given that Defendant did not have an opportunity to present evidence to counteract the exception, and the record must therefore be considered insufficient in that regard. *See State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722 (stating that an abuse of discretion occurs when the district court's ruling is erroneous, arbitrary, or unwarranted or where it is "clearly against the logic and effect of the facts and circumstances before the court").

**{9}** We hold that none of the hearsay exceptions applied to allow Detective Rightsell's hearsay statement. Without Detective Rightsell's hearsay testimony there existed insufficient evidence to support the district court's conclusion that the State

met its burden of proving the essential element of Victim's subjective fear. Accordingly, we reverse Defendant's conviction for aggravated assault.

**B.      CRIMINAL DAMAGE TO PROPERTY**

{10}      Defendant contends that the State failed to present sufficient evidence that he damaged Victim's property, and therefore, that his conviction for criminal damage to property must be reversed. In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences, and resolving all conflicts in the evidence in favor of the verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. To convict Defendant of criminal damage to property, the State was required to prove (1) Defendant intentionally damaged property of another, and (2) Defendant did not have the owner's permission to damage the property. *See* UJI 14-1501 NMRA; NMSA 1978, § 30-15-1 (1963).

{11}      Viewing the evidence in the light most favorable to the district court's judgment, as we must, we note that the following evidence was presented at trial: Officer Juarez testified that he responded to the scene, found slash marks in Victim's door, and found a sheath for a machete outside the door; and Victim testified that her door was "cut open," that there was no damage to the door prior to Defendant's arrival, and she remembered telling police Defendant had a machete.

{12}     From the Victim's testimony about the damage to her door and from Officer Juarez's testimony that he observed slash marks in the door and a machete sheath outside the door, a reasonable fact-finder could infer that Defendant was the person who damaged Victim's door. We thus hold there was sufficient evidence to support his conviction for criminal damage to property.

{13}     In sum, we hold that without the improperly admitted hearsay testimony, the evidence presented at the bench trial was insufficient to support Defendant's conviction of aggravated assault against a household member with a deadly weapon. We hold the evidence presented at trial was sufficient for a rational trier of fact to find Defendant guilty of criminal damage to property. We reverse Defendant's conviction of aggravated assault against a household member with a deadly weapon, and we affirm his conviction of criminal damage to property.

{14}     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**

8