This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 32,937**

**RICARDO HEREDIA,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

M. Anne Kelly, Assistant Attorney General
Santa Fe, NM

for Appellee

Jose R. Coronado
Las Cruces, NM

for Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant Ricardo Heredia appeals his conviction by a jury of five counts of aggravated indecent exposure, three counts of aggravated stalking, one count of enticement of a child, and one count of attempted aggravated indecent exposure. Defendant argues that the district court erred in denying his motion to sever the counts alleging different victims. We affirm. Because this is a memorandum opinion and because the parties are familiar with the case, we reserve further discussion of the facts for our analysis of Defendant's arguments on appeal.

**DISCUSSION**

{2}     Rule 5-203(A) NMRA requires two or more offenses to be joined when they "are of the same or similar character, even if not part of a single scheme or plan; or . . . are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan." Here, the State joined all ten counts in a single indictment. Defendant does not challenge the propriety of joining the offenses in the indictment. Rather, he argues that the district court erred in denying his motion to sever the charges under Rule 5-203(C). Rule 5-203(C) permits a party to move for severance of offenses or defendants "[i]f it appears that a defendant or the state is prejudiced by a joinder" of those offenses or defendants. "A defendant might . . . be prejudiced if the joinder of offenses permit[s] the jury to hear testimony that would have been otherwise inadmissible in separate trials." *State v. Gallegos*, 2007-NMSC-

2

007, ¶ 19, 141 N.M. 185, 152 P.3d 828 (alteration in original) (internal quotation marks and citation omitted). Here, the question is whether evidence related to different victims would have been admissible in separate trials under Rule 11-404(B)(1) NMRA, which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such "other-acts evidence may be admissible if it is relevant to an issue besides the inference that the defendant acted in conformity with his or her character[,]" *Gallegos*, 2007-NMSC-007, ¶ 22, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2). When the State opposes severance, it must "identify and articulate the consequential fact to which the evidence is directed before it is admitted." *Gallegos*, 2007-NMSC-007, ¶ 22. As with all evidence, evidence admissible under an exception to Rule 11-404(B)(1) must also be admissible under Rule 11-403 NMRA.

{3}    Consistent with these principles, Defendant argued in his motion to sever that "[u]nless the [S]tate can articulate a valid purpose for a joint trial . . . , taking into consideration the dictates of Rule 11-404[(B)], this court should sever each of the counts which allege separate victims, and require the [S]tate to proceed to separate jury trials." The State argued at the hearing on the motion that "join[t trials were] appropriate because the evidence was cross-admissible to show [the] identity [of the

3

perpetrator.]" It referred to an earlier nine-hour evidentiary hearing on Defendant's motion to suppress photographic evidence and argued that the hearing demonstrated that the identity of the perpetrator was hotly disputed and that the evidence as to each victim showed a "distinctive pattern of conduct" and related to identity, not propensity.

{4} At the hearing, Defendant continued to argue that the State must articulate the consequential facts to which the evidence of other acts pertained, that the identity exception to Rule 11-404(B) did not apply to permit admission of the victims' testimony, and that admission of other-acts evidence here would confuse or enflame the jury. The district court denied Defendant's motion, stating that "[t]he evidence contested under Rule 11-404(B) does not fall within the parameters of propensity evidence, but to prove identity with a distinctive pattern of conduct. A further analysis under Rule 11-403 shows that the evidence is more probative than substantially prejudicial and is cross[-]admissible as to each victim."

{5} Defendant moved for reconsideration of the district court's order. Referring to *Gallegos*, Defendant argued that the district court erred in finding that the evidence was relevant to identity because the "pattern" on which it relied was not "so distinctive [as] . . . to constitute the defendant's signature." *Gallegos*, 2007-NMSC-007, ¶ 30 (omission in original) (internal quotation marks and citation omitted). He also stated that "the identity of the perpetrator is not at issue, as the young victims

4

have clearly identified [Defendant] as the perpetrator" and that "[t]he identity exception is not applicable to this case." The State opposed the motion to reconsider, arguing that "the [c]ourt considered approximately one and a half days of testimony on identity, which very much remains at issue in this case unless or until Defendant stipulates to identity." The district court denied Defendant's motion to reconsider, and the case proceeded to trial.

**{6}** We review the grant or denial of a motion to sever under the abuse of discretion standard. *State v. Garcia*, 2011-NMSC-003, ¶ 16, 149 N.M. 185, 246 P.3d 1057. "The essence of a discretionary ruling is that it be not illogical, not unreasonable, and not contrary to facts and circumstances before the trial court." *State v. Montoya*, 2005-NMCA-078, ¶ 22, 137 N.M. 713, 114 P.3d 393. "An appellate court cannot say the trial court abused its discretion by its ruling unless it can characterize it as clearly untenable or not justified by reason." *State v. Kent*, 2006-NMCA-134, ¶ 18, 140 N.M. 606, 145 P.3d 86 (alteration, internal quotation marks, and citation omitted).

**{7}** Our review proceeds in a two-step process. First we determine if the district court erred in concluding that the objectionable evidence would have been admissible against Defendant in a separate trial under Rule 11-404(B)(2). "If the evidence would have been cross-admissible, then any inference of prejudice is dispelled and our inquiry is over. If the evidence pertaining to each victim would not have been cross-admissible, then the trial court abused its discretion in failing to sever the charges."

*Gallegos*, 2007-NMSC-007, ¶ 20. In other words, "[i]f evidence of one offense would be admissible in the trial of the other, a trial court does not abuse its discretion in denying a motion to sever." *State v. Peters*, 1997-NMCA-084, ¶ 12, 123 N.M. 667, 944 P.2d 896. Second, "if the trial court abused its discretion [the appellate court] must consider whether that error actually prejudiced [the defendant] at his trial; that is, whether the error was harmless." *Gallegos*, 2007-NMSC-007, ¶ 20. We start by assessing the district court's ruling as to admissibility under Rule 11-404(B).

{8} Although Defendant stated in his pleadings to the district court that identity was not at issue, he appears to have abandoned this argument on appeal. Also, he contested the identity of the perpetrator at trial by cross-examining the witnesses about their memory of the perpetrator and their prior statements about the car and driver. He also raised questions about the perpetrator's identity in his closing argument. We therefore consider identity to have been a contested issue at trial.

{9} "[T]he use of modus-operandi evidence to prove identity has frequently been recognized" in New Mexico. *Peters*, 1997-NMCA-084, ¶ 13. This exception to Rule 11-404(B) "may be invoked when identity is at issue and when the similarity of the other crime demonstrate[s] a unique or distinct pattern easily attributable to one person." *Peters*, 1997-NMCA-084, ¶ 14 (alteration in original) (internal quotation marks and citation omitted); *see Gallegos*, 2007-NMSC-007, ¶ 30 ("In New Mexico, . . . character evidence is admitted under Rule 11-404(B) as evidence of identity only

when . . . the pattern and characteristics of the prior acts [are] so distinctive [as] to constitute the defendant's signature." (alteration, internal quotation marks, and citation omitted)). We therefore consider the similarities between the charges in this case.

{10} All seven of the named victims testified at trial. The victims were all teenage girls. All of them testified that a car drove near them or pulled up beside them while they were walking outside or waiting at a bus stop. All described the car as gray or silver. Five testified that the driver was not wearing pants and that he was touching his penis. Another testified that the driver was wearing pants but his penis was exposed and that the driver was "holding his stuff." Two testified that the driver asked them if they wanted to touch his penis. Five victims testified that the driver had black or brown hair. Four testified that he was in his twenties and that he had light skin. Five of the victims testified that the same car and driver drove by them multiple times either on the same day or over several days.

{11} This testimony reveals "a marked number of similarities which could logically lead a jury to the inference that these" victims were approached by the same man. *Peters*, 1997-NMCA-084, ¶ 15. The victims' description of the car and the driver, the way the driver approached the victims, the number of times he drove by the victims, his state of undress, and the fact that he was touching himself is "evidence of a common modus operandi by showing a distinct pattern attributable to the same assailant." *Id.* The district court did not abuse its discretion in finding that the

7

testimony would have been admissible in separate trials against Defendant as evidence of the identity of the perpetrator under Rule 11-404(B)(2).

**{12}** We next examine whether the district court abused its discretion in finding that the probative value of the cross-admissible evidence outweighed its prejudicial effect under Rule 11-403. *State v. Contreras*, 2007-NMCA-045, ¶ 25, 141 N.M. 434, 156 P.3d 725 ("Once the proponent has made an adequate showing [under Rule 11-404(B)], the court must find that the probative value of the evidence is not substantially outweighed by the considerations set forth in Rule 11-403 NMRA."). Rule 11-403 permits the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" "Because a determination of unfair prejudice is fact sensitive, much leeway is given trial judges who must fairly weigh probative value against probable dangers." *State v. Otto*, 2007-NMSC-012, ¶ 14, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). Rule 11-403 does not prohibit prejudicial evidence altogether. Rather, "[t]he purpose of Rule 11-403 is not to guard against any prejudice whatsoever, but only against the danger of *unfair* prejudice." *Otto*, 2007-NMSC-012, ¶ 16 (alteration, internal quotation marks, and citation omitted). Inculpatory evidence is unfairly prejudicial "when it goes *only* to character or propensity." *Id.* (internal quotation marks and citation omitted).

{13} Here, the victims' testimony was admitted for a purpose other than character or propensity. In addition, this Court has acknowledged that "[e]vidence of other crimes with sufficient evidence of similar attributes has a strong probative value to show that the person who committed the other crime and the person who committed the charged crime are the same." *Peters*, 1997-NMCA-084, ¶ 14. Since the perpetrator's identity was in issue at trial and the victims' testimony addressed identity, we conclude that the district court's decision that the victims' testimony was more probative than prejudicial was not "clearly untenable" or unjustified by reason and, therefore, not an abuse of discretion. *Kent*, 2006-NMCA-134, ¶ 18 (internal quotation marks and citation omitted).

{14} To the extent that Defendant asks that we conduct a harmless error analysis as set out in *Gallegos*, we decline to do so. *See* 2007-NMSC-007, ¶ 20 ("[E]ven if the trial court abused its discretion we must consider whether that error actually prejudiced [the defendant] at his trial; that is, whether the error was harmless."). The harmless error analysis described in *Gallegos* applies only when the reviewing court has determined that the district court erred in denying severance. *Id.* ¶¶ 19-20. Since we have concluded that the district court did not abuse its discretion in denying severance, our inquiry is at an end.

**CONCLUSION**

{15} For the foregoing reasons, we affirm.

9

{16}    **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**