This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                    **NO. 34,024**

**RALPH JONES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DE BACA COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Defendant appeals from his convictions for aggravated DWI (third offense), assault, and the petty misdemeanor of disorderly conduct. [RP 254, 262] Our notice

proposed to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to uphold his conviction for aggravated DWI. [MIO 3] *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the substantial evidence standard of review). As support for his continued argument, Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 4] Specifically, Defendant argues that the officer did not personally observe Defendant drive. [MIO 4] It was not necessary for the officer to make this personal observation, however, as circumstantial evidence of past driving is enough to support a conviction. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 26-28, 148 N.M. 702, 242 P.3d 269 (recognizing that the state may introduce direct or circumstantial evidence that the defendant drove while intoxicated). As we emphasized in our notice, ample evidence was presented to establish the element of driving. The victim testified that he observed Defendant get into his vehicle and drive. [DS 4; CN 3] Additionally, an employee of the De Baca County Sheriff's Department testified that he heard the driver's side door close and Defendant walking out of the vehicle. [RP 145] Evidence was also presented that Defendant was the only person in the vehicle. [RP 148]

{3} Accordingly, for these reasons and those provided in our notice, we hold that there was sufficient evidence presented to support the jury's guilty verdict for aggravated DWI. *See State v. Orquiz*, 2012-NMCA-080, ¶ 4, 284 P.3d 418 (finding that there was sufficient circumstantial evidence of past driving to support a DWI conviction where "no witnesses testified to seeing [the d]efendant's vehicle in motion, [but] the investigating officer relayed Defendant's on-scene admission that he had been driving when his brakes failed, as well as the officer's own observations of the single-vehicle crash scene"); *see also State v. Soto*, 2007-NMCA-077, ¶¶ 3-5, 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support an aggravated DWI conviction, even though there was no evidence of bad driving, the defendant was cooperative, and no field sobriety tests were conducted, but the defendant's breath smelled strongly of alcohol, the defendant had slurred speech and bloodshot, watery eyes, the defendant admitted to drinking, an officer observed empty beer cans where the defendant had been, and the defendant declined to take a blood test), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{4} Second, Defendant continues to assert in his memorandum in opposition that insufficient evidence was presented to support his conviction for assault. [MIO 3-5] As support for this issue, Defendant refers to *Franklin* and *Boyer*. [MIO 5] We

acknowledge Defendant's continued assertion that a reasonable person would not have found himself or herself in fear if presented with the same set of circumstances. [MIO 5] However, as we explained in our notice, it was within the fact finder's prerogative to conclude otherwise. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that the appellate court defers to the fact finder when weighing the credibility of witnesses and resolving conflicts in witness testimony). For the same reasons provided in our notice, we hold that there was substantial evidence to support the jury's conviction for assault.

{5}    Third, Defendant continues to argue that the district court should not have admitted the entire video of the arrest into evidence because portions of the video were irrelevant and overly prejudicial, specifically those portions containing Defendant's admission to prior methamphetamine and marijuana use and references to a previous search warrant for Defendant's home. [DS 6; MIO 2-3, 5-7] In support of his contention, Defendant asserts that the district court erred by not conducting a proper Rule 11-403 NMRA balancing test. [MIO 5]

{6}    We hold that no abuse of discretion occurred. *See State v. McGhee*, 1985-NMSC-047, ¶ 24, 103 N.M. 100, 703 P.2d 877 (explaining that we review the admission of evidence for an abuse of discretion). The purpose of Rule 11-403 is not to prevent any prejudice at all; Rule 11-403 only protects against the risk of unfair prejudice. *See State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829

4

("[T]he fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion[.]"). Prejudice is unfair when it "goes only to character or propensity." *State v. Ruiz*, 1995-NMCA-007, ¶ 12, 119 N.M. 515, 892 P.2d 962. "[W]hen the tendered evidence serves a legitimate purpose other than character or propensity, then that legitimate purpose should be balanced against the jury's tendency to use the evidence illegitimately." *Id.* Our notice observed, and Defendant acknowledges, that the district court found Defendant's admission to methamphetamine to be relevant to present impairment and the officer's decision to request a chemical test. [CN 7; MIO 5; RP 168] The district court noted that Defendant's delay was a factor in its decision because, although the video had been disclosed over a year beforehand, Defendant waited to object until after jury trial had started. [RP 166-67; CN 7] The district court also offered a curative instruction with respect to that portion of the video. [RP 167; CN 7] In light of the district court's determination that the contested portions of the video were relevant, and the offer of a curative instruction, we conclude that the district court's ruling was not contrary to the logic and effect of the facts and circumstances of the case, untenable, or unjustified by reason. *See Rojo*, 1999-NMSC-001, ¶ 41; *see also State v. Otto*, 2007-NMSC-012, ¶¶ 14, 22, 141 N.M. 443, 157 P.3d 8 (concluding that no abuse of discretion occurred under Rule 11-403 by the district court's admission of the defendant's uncharged acts and the victim's statements to her mother). *Cf. State v.*

*Franks*, 1994-NMCA-097, ¶¶ 5, 7, 119 N.M. 174, 889 P.2d 209 (holding that the admission of a recorded 911 call where a defendant admitted that he overdosed on cocaine was not unfairly prejudicial and emphasizing "the ability of juries to evaluate evidence").

**{7}** Lastly, Defendant continues to argue that the district court should have enforced his signed plea agreement. [DS 3; MIO 7] As support for his continued argument, Defendant refers to *Franklin* and *Boyer*. [MIO 7] Our notice observed that Defendant was offered and accepted a plea agreement in magistrate court, but the State subsequently, and successfully, asked the magistrate court not to accept the plea after discovering that this was Defendant's third, not first, DWI offense. [DS 3; MIO 7] After the case was bound over to district court, [RP 8] Defendant filed a motion to enforce the plea agreement in district court, [RP 66-69, 70-72] which was denied. [RP 83-84] Defendant has advanced no new arguments in his memorandum in opposition in support of his continued contention. Accordingly, we conclude that Defendant has failed to demonstrate error on appeal and therefore affirm. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**{8}** For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

6

{9}     IT IS SO ORDERED.


_____

**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**RODERICK T. KENNEDY, Judge**