This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                  **No. 35,185**

**MELVIN GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant Melvin Gallegos appeals from a judgment and sentence entered pursuant to a jury trial at which he was found guilty of (1) shoplifting and (2) resisting, evading, or obstructing an officer. [RP 139] Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Respondent has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2} On appeal, Defendant raises two issues, both of which he pursues under the demands of *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and its progeny. First, he argues that he was denied the right to a fair trial when a lapel video was admitted into evidence over his objections that it was prejudicial. [DS 4] Second, he challenges the sentence imposed by the district court, asserting that it is inappropriate. [DS 5] Our notice set forth the relevant facts for each issue and set forth the law that we believed controlled. Specifically, relevant to the first issue, we proposed that the district court did not abuse its discretion in admitting the lapel video contrary to Rule 11-403 NMRA in light of Defendant's failure to explain how the evidence was unduly prejudicial to him and since the evidence appeared to have high probative value. [CN 1-2] With respect to the second issue, we explained that the sentence imposed was authorized by law and consistent with our sentencing guidelines. [CN 4-5] We further noted that upon consideration of the mitigating

factors presented by Defendant, the district court could have, but was not obligated to give Defendant a shorter sentence. [CN 4-5]

**{3}** In response, Defendant clarifies some of the factual background regarding the admission of the lapel video, and asserts that it was prejudicial to him because it contained a self-incriminating statement. [MIO 1, 3] We agree that this sort of evidence is in fact prejudicial to Defendant; however, "[t]he fact that competent evidence may tend to prejudice defendant is not grounds for exclusion of that evidence." *State v. Hogervorst*, 1977-NMCA-057, ¶ 46, 90 N.M. 580, 566 P.2d 828. "The purpose of Rule 11-403 is not to guard against any prejudice whatsoever, but only against the danger of unfair prejudice." *State v. Otto*, 2007-NMSC-012, ¶ 16, 141 N.M. 443, 157 P.3d 8 (alteration, internal quotation marks and citation omitted). Defendant's one paragraph response to our calendar notice makes no claim or argument as to why the lapel video unfairly prejudiced him. [MIO 3] Accordingly, we reject his claim that the district court abused its discretion in admitting the lapel video.

**{4}** With respect to his second issue, Defendant continues to argue that the district court should have granted his motion to reduce his sentence given the "great strides he made towards rehabilitation while the case was pending." [MIO 3] Defendant's arguments have already been addressed by this Court's notice, and we decline to address them further in this opinion because Defendant has not provided any new

legal or factual argument that persuades us that our analysis was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

{5}     **IT IS SO ORDERED.**


_____
                    **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**