This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. A-1-CA-35356**

**ISRAEL MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Jennifer J. Wernersbach, P.C.
Jennifer J. Wernersbach
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Israel Martinez appeals his convictions for criminal sexual contact of a minor (CSCM) and attempted CSCM. We previously issued a notice of proposed

summary disposition in which we proposed to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2} We will begin our discussion with the issue originally raised in the docketing statement, by which Defendant has challenged the sufficiency of the evidence. [DS 4-5; MIO 12-14] As briefly described in the notice of proposed summary disposition, the State presented evidence in support of each of the elements of the offenses. [CN 2-4]

{3} In his responsive memorandum, Defendant narrows the scope of his challenge, specifically and exclusively contending that the State failed to establish intent in connection with the conviction for attempted CSCM. [MIO 13] We disagree. As we previously observed, it was not necessary for the State to present direct proof of intent. [CN 3-4] *See State v. Melendrez*, 2014-NMCA-062, ¶ 19, 326 P.3d 1126 ("Because a person's intent is rarely established by direct proof, it may be proven by circumstantial evidence."). In this case the circumstantial evidence, including the victim's testimony that Defendant repeated the touching even after she attempted to turn away, and only stopped when the alarm clock sounded, [RP 225] is sufficient to support the requisite inference of intent to commit CSCM. *See generally State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from

facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)). The jury was not required to accept his characterization of the incident as "innocent incidental touching." [MIO 13] *See State v. Gee*, 2004-NMCA-042, ¶ 24, 135 N.M. 408, 89 P.3d 80 (observing that specific intent may be inferred from circumstantial evidence, and the jury is free to disregard a defendant's "innocent" explanation). We therefore reject Defendant's argument.

{4}     We turn next to the motion to amend, by which Defendant seeks to raise two additional issues. [MIO 1]

{5}     First, Defendant contends that the jury instruction on attempted CSCM was flawed. [MIO 7-11] Insofar as Defendant failed to raise this issue below, [MIO 8] we review only for fundamental error. *State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 ("We review an unpreserved challenge to a jury instruction for fundamental error."). "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *Id.* (internal quotation marks and citation omitted).

{6}     With respect to attempt crimes, the applicable uniform jury instruction requires the State to prove that (1) the defendant intended to commit the crime in question (here, CSCM); (2) the defendant began to do an act that constituted a substantial part of the crime but failed to commit the crime; and (3) the attempt took place on a certain date. UJI 14-2801 NMRA. In this case, Defendant concedes that the jury was so

3

instructed. [MIO 8-9; RP 189] Nevertheless, Defendant contends that the elements of the intended offense (i.e., CSCM) where not given immediately thereafter or in a separate instruction, as required. [MIO 8-9] *See* UJI 14-2801 use note 1 ("The essential elements of the felony must be given immediately following this instruction, unless they are set out in an instruction dealing with the completed offense.").

{7}     The record before us reflects that a separate instruction, specifically, the *preceding* jury instruction, identified all of the elements of CSCM. [RP 188] Although it referred to touching of the victim's groin, as opposed to touching of an unclothed child, [RP 188-89] we deem the distinction immaterial in light of the victim's description of the incident, by which Defendant repeatedly ran his hand up her bare thigh toward her groin. [RP 225]

{8}     We understand Defendant to suggest that this separate instruction should be deemed an inadequate recitation of the elements of the offense of CSCM, because it referred to a different victim. [MIO 9-10] However, both the parties and the district court were clear about the identity of the victim of the attempt, [MIO 9; RP 244] and the closing statements by both sides specified with which incident and victim the attempt crime correlated. [RP 247, 249] Under these circumstances, the likelihood of jury confusion is minimal. Accordingly, we reject the claim of fundamental error. *See, e.g.*, *State v. Carrasco*, 2007-NMCA-152, ¶¶ 8-13, 143 N.M. 62, 172 P.3d 611 (rejecting a claim of fundamental error relative to an attempt crime, where the jury

4

instructions separately identified the elements of attempt and the elements of the underlying felony, and where the closing arguments eliminated potential ambiguity); *see generally Gee*, 2004-NMCA-042, ¶ 8 ("When reviewing jury instructions for fundamental error, we apply the fundamental error standard of review to the same inquiry we perform for review for reversible error—whether the instruction or instructions would confuse or misdirect a reasonable juror due to contradiction, ambiguity, omission, or misstatement.").

{9} Second, Defendant seeks to advance a claim of ineffective assistance of counsel [MIO 1] based upon trial counsel's failure to move for severance, as well as trial counsel's alleged failure to duly investigate, secure prior witness statements, or call potential defense witnesses. [MIO 14-18]

{10} Claims of ineffective assistance of counsel are mixed questions of law and fact, which we review de novo. *State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18. Because Defendant raises the issue for the first time on appeal, he must establish a prima facie case for ineffective assistance in order for this Court to remand the matter to the district court for an evidentiary hearing. *See State v. Bernal*, 2006-NMSC-050, ¶ 33, 140 N.M. 644, 146 P.3d 289. "A prima facie case is made out when: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and

(3) the actions of counsel are prejudicial." *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (internal quotation marks and citation omitted).

{11} With respect to the question of severance, counsel could reasonably have believed that evidence of the two offenses for which Defendant was convicted would have been cross-admissible, for the purpose of establishing the disputed element of intent, such that a motion for severance would not have been well taken. *See State v. Bailey*, 2017-NMSC-001, ¶ 20, 386 P.3d 1007 (holding that evidence of a separate incident entailing sexual abuse was properly admissible to establish the defendant's specific, unlawful intent where that element was disputed); *State v. Otto*, 2007-NMSC-012, ¶¶ 11-12, 141 N.M. 443, 157 P.3d 8 (concluding evidence of similar sexual acts perpetrated by the defendant was "properly admitted to show intent and absence of mistake or accident" where the defendant claimed that he was asleep and unconsciously molested the child victim, i.e., he lacked an unlawful intent and had merely committed an innocent mistake); *see generally State v. Gallegos*, 2007-NMSC-007, ¶ 19, 141 N.M. 185, 152 P.3d 828 (indicating, with respect to the question of severance, that "cross-admissibility of evidence dispels any inference of prejudice" (alteration, internal quotation marks, and citation omitted)). Under the circumstances, it is not apparent that counsel's conduct was either unreasonable or prejudicial. *See generally State v. Sanchez*, 1982-NMCA-155, ¶ 10, 98 N.M. 781, 652 P.2d 1232 ("Failure to file a non-meritorious motion cannot be declared ineffective assistance.").

6

**{12}** With respect to the remaining allegations, as Defendant acknowledges, [MIO 18] the record before us is insufficient to establish that trial counsel's conduct was unreasonable, lacked a strategic or tactical basis, or prejudiced the defense in the sense required. *See State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948 (observing that the defendant must demonstrate that his counsel's errors prejudiced his defense such that there is "a reasonable probability that the outcome of the trial would have been different"); *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (stating that an appellate court presumes that counsel's performance fell within the wide range of reasonable professional assistance).

**{13}** Although we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel, we do so without prejudice to Defendant's ability to pursue habeas proceedings. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**{14}** In light of the foregoing considerations, we conclude that the supplemental issues are not viable. We therefore deny the motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (observing that issues sought to be presented must be viable, and denying a motion to amend upon an inadequate showing in this regard).

{15} And accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{16} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**STEPHEN G. FRENCH, Judge**