This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39380**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**PETER SISNEROS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Peter Sisneros appeals from his conviction for solicitation of possession of visual medium of sexual exploitation of children under eighteen. This Court issued a notice of proposed summary disposition proposing to affirm the district court's judgment and sentence. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** Defendant continues to raise the same five arguments he made in his docketing statement, although in a different order from how they were raised in the docketing

statement.[1] First, Defendant continues to argue that it was error for the district court to admit Special Agent Hartsock's lay opinion, based on his training and experience, regarding what Defendant meant when he requested "kid porn." [CN 6; MIO 5] We proposed to conclude in the notice of proposed disposition that Special Agent Hartsock's testimony was properly admitted as lay testimony because it was based on Special Agent Hartsock's personal experiences investigating child exploitation cases. [CN 8] Defendant argues that it was improper for the district court to admit Special Agent Hartsock's testimony on the basis of his experience and training and cited to authority in his memorandum in opposition that stands for the proposition that "[t]raining and experience are factors to be considered in evaluating expert testimony, not lay testimony." *State v. Duran*, 2015-NMCA-015, ¶ 16, 343 P.3d 207 (holding that a forensic examiner's personal observations of child sexual assault victims did not allow lay testimony as to the behavior of victims generally); *see State v. Vargas*, 2016-NMCA-038, ¶ 16, 368 P.3d 1232 (stating that "[t]he training and daily interactions undertaken by law enforcement officers are not part of the common knowledge and experience of an average person[, h]owever, law enforcement officers regularly make observations in the course of their professional duties, such as the speed of an automobile, that are proper lay opinion testimony from either an officer or a casual observer" (internal quotation marks and citation omitted)).

**{3}**     Assuming, without deciding, that the district court improperly allowed Special Agent Hartsock to give lay testimony about what Defendant meant when he requested "kid porn," reversal is not required if the error was harmless. Nonconstitutional errors involving evidentiary rulings are "harmless when there is no reasonable probability the error affected the verdict." *State v. Marquez*, 2021-NMCA-046, ¶ 32, 495 P.3d 1150 (internal quotation marks and citation omitted), *cert. granted*, 2021-NMCERT-___, (No. S-1-SC-38502, Apr. 23, 2021).

> In holistically assessing the harmfulness of the error, we consider, among other things, the circumstances of the error, the emphasis placed on the error, evidence of a defendant's guilt apart from the error, the importance of the improperly-admitted evidence, and whether the erroneously admitted evidence introduced new facts or was merely cumulative.

*Id.*

**{4}**     The individual Defendant solicited pictures from online, Jenny Woods (Woods), testified that she understood Defendant's request for " 'kid porn' to involve naked pictures of anyone not of age or between the ages of five and sixteen." [RP 88 ¶ 11(i)] She also identified a printed chat conversation between herself and Defendant, in which Defendant states: "I actualy [sic] have some child porn Jenn"; "do you have any kid porn"; "send me them pweeease [sic]"; "child porn is like heaven"; "ok i [sic] think im [sic]

---

1Defendant's memorandum in opposition (MIO) issues correlate with the issues raised in the docketing statement and addressed in the notice of proposed disposition (CN) accordingly: Issue 1 in MIO is Issue 3 in CN; Issue 2 in MIO is Issue 4 in CN; Issue 3 in MIO is Issue 1 in CN; Issue 4 in MIO is Issue 5 in CN; and Issue 5 in MIO is Issue 2 in CN.

gonna [sic] molest my son jenn"; and "hes [sic] 6 itz [sic] nice[.]" [RP 88-89 ¶ 12(a)] The State also entered Exhibits 9 and 10, which included search terms Defendant used online, including: "kid sex"; "kid touching"; "little boys dick"; "child ass"; "child dick"; "child massage"; "child physical examination"; "inappropriate kids"; "kid butt"; and "kid panties." [RP 90 ¶ 12(f)]

{5}     Evaluating this case under the factors outlined in *Marquez*: there was substantial evidence of Defendant's guilt presented through Woods's testimony regarding the meaning of "kid porn," the message exchange between herself and Defendant, and the search terms presented at trial apart from the alleged error. Further, the erroneous testimony did not introduce any new facts that were not already testified to by Woods. *See id.* Thus, since the admission of Special Agent Hartsock's testimony did not prejudice Defendant, it amounted to harmless error, and we refuse to reverse on this ground. *See State v. Chavez*, 2021-NMSC-017, ¶ 14, 485 P.3d 1279 (stating that when reviewing for harmless error, appellate courts will not reverse "unless the error actually prejudiced the defendant" (internal quotation marks and citation omitted)).

{6}     Second, Defendant continues to argue that his confrontation clause rights were violated with the admission of a paragraph written by a "Meetme.com" employee "explaining the role of the MeetMe app in flagging the chats and sending a cybertip to local law enforcement." [MIO 10] Defendant specifically argues that the paragraph is testimonial because it is "a document created solely for an evidentiary purpose made in aid of a police investigation." *State v. Navarette*, 2013-NMSC-003, ¶ 18, 294 P.3d 435 (alterations, internal quotation marks, and citation omitted); *see also id.* (holding that it was constitutional error to allow a substitute pathologist to testify to an autopsy report prepared by another pathologist because the defendant had no meaningful opportunity to cross-examine the source of the observations). [MIO 11] However, the State explained at trial that it was introducing the exhibit not necessarily for the truth of the matter asserted, but instead to show what triggered the investigation by Special Agent Hartsock. [DS 4-5] Special Agent Hartsock recognized the exhibit at trial as the document MeetMe.com prepared and testified that it contained the conversation that triggered his investigation. [DS 4-5] Because "the Confrontation Clause is violated only if the testimonial statement is offered to prove the truth of the matters asserted[,]" we conclude that Defendant's Confrontation Clause rights were not violated here. *Id.* ¶ 12.

{7}     Third, Defendant continues to argue that there was insufficient evidence to prove his intent to solicit child exploitative material because his request to Woods for "kid porn" was ambiguous as "it is not clear if he meant to solicit the kind of images defined by [NMSA 1978,] Section 30-6A-3(A) [(2016)] as child exploitative material." [MIO 14] Defendant specifies that "[t]he term 'kid porn' has no specific definition and potentially includes images, such as nude photos, that do not comply with the language of the statue and are lawful to possess." [MIO 15] As explained above, Woods's testimony regarding the meaning of "kid porn," the message exchange between Woods and Defendant (which included Defendant referencing molesting his, albeit nonexistent, six-year-old-son), and the search terms presented at trial all provided sufficient evidence demonstrating that Defendant was requesting sexually exploitative images of children.

[RP 93-94] *See State v. Gallegos*, 2011-NMSC-027, ¶ 16, 149 N.M. 704, 254 P.3d 655 (stating that "circumstantial evidence alone can amount to substantial evidence" and "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citations omitted)).

{8}     Fourth, Defendant continues to argue that defense counsel did not open the door to Rule 11-404(B) NMRA evidence of Defendant's search terms by challenging Defendant's intent. [MIO 17] Defendant specifically asserts that defense counsel's question on cross-examination to Special Agent Hartsock, "point me to the specific message where [Defendant] requests nude photographs of a child under 18[,]" was not an inquiry into Defendant's intent, and instead was an inquiry into whether Defendant knew or should have known that he was requesting child pornography. [CN 12; MIO 20] We are not convinced by Defendant's argument and instead rely on our proposed analysis in the calendar notice and conclude that the district court did not err in admitting the search terms. [CN 11-13]

{9}     Defendant also argues that the search terms should not have been admitted because their prejudicial impact exceeded their probative value and the availability of other evidence on this point was furnished by the chat excerpts. [MIO 20] *See State v. Niewiadowski*, 1995-NMCA-083, ¶ 15, 120 N.M. 361, 901 P.2d 779 (stating that availability of other means of proof is a factor to consider in determining probative value). "The purpose of Rule 11-403 [NMRA] is not to guard against any prejudice whatsoever, but only against the danger of *unfair* prejudice." *State v. Otto*, 2007-NMSC-012, ¶ 16, 141 N.M. 443, 157 P.3d 8 (alteration, internal quotation marks, and citation omitted). "Evidence is not unfairly prejudicial simply because it inculpates the defendant[,]" but rather, "prejudice is considered unfair when it goes *only* to character propensity." *Id.* (internal quotation marks and citations omitted). In this case, the search terms were admitted to demonstrate Defendant's intent to request sexual exploitation media of children from Woods. Given the sexually explicit and child-specific nature of Defendant's search terms, they were highly probative with regard to Defendant's intent, and therefore, "we cannot say that the admission of the evidence was against the logic and effect of the facts and circumstances of the case, untenable, or not justified by reason." *Id.*

{10}     Fifth, Defendant continues to argue that the State did not offer evidence that his charges were filed within the statute of limitations time period, and therefore, did not meet its burden of proving each element of his conviction. [MIO 23] Defendant has not presented any facts, authority, or argument related to this issue in his memorandum in opposition that persuades this Court that our proposed summary disposition was incorrect. [CN 5-6] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier

arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{11}** Defendant has not otherwise convinced us that our notice of proposed disposition was incorrect. Thus, for the reasons stated above, and for the reasons stated in our notice of proposed summary disposition, we affirm the district court's judgment.

**{12}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**